**FILED BY___MP___D.C.**

**Mar 14, 2024**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

**UNITED STATES OF AMERICA**

**Case Number: 24-10051**

v.

**GERARDO FERMIN AQUINO VARGAS**

**WARRANT FOR ARREST**

# 24-2511-MJ-STRAUSS

To:   The United States Marshal
and any Authorized United States Officer

**YOU ARE HEREBY COMMANDED** to arrest **GERARDO FERMIN AQUINO VARGAS**

and bring him forthwith to the nearest magistrate to answer a

____ Indictment   ____ Information   _X_ Complaint   ____ Order of Court

____ Violation Notice   ____ Probation Violation Petition

charging him with:

obstruction of justice, in violation of Title 18, United States Code, Sections 1503 and
2.

Honorable Michael A. Hammer
**Name of Issuing Officer**

United States Magistrate Judge
**Title of Issuing Officer**

/s/ Hon. Michael A. Hammer
**Signature of Issuing Officer**

March 12, 2024 in the District of New Jersey
**Date and Location**

| RETURN |
|---|
| This warrant was received and executed with the arrest of the above-named defendant at |

| Date Received | Name and Title of Arresting Officer | Signature of Arresting Officer |
|---|---|---|
| Date of Arrest | | |

**24-2511-MJ-STRAUSS**

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Michael A. Hammer |
| | : | |
| v. | : | Mag. No. 24-10051 |
| | : | |
| GERARDO FERMIN AQUINO VARGAS | : | **CRIMINAL COMPLAINT** |

I, Special Agent Nicholas Brancato, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Agent with the United States Department of the Treasury, Internal Revenue Service, Criminal Investigation, and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

Continued on the attached page and made a part hereof:

*SA Nicholas Brancato*

Nicholas Brancato
Internal Revenue Service – Criminal
Investigation

Special Agent Nicholas Brancato attested to this Complaint by telephone pursuant to Fed. R. Crim. P. 4.1(b)(2)(A), on March 12, 2024.

HONORABLE MICHAEL A. HAMMER
UNITED STATES MAGISTRATE JUDGE

*/s/ Hon. Michael A. Hammer*

Signature of Judicial Officer

1

## <u>ATTACHMENT A</u>

<u>COUNT ONE</u>
*(Obstruction of Justice – Grand Jury Proceeding)*

In or around November 2023, in Essex County, in the District of New Jersey, and elsewhere, the defendant,

GERARDO FERMIN AQUINO VARGAS,

did corruptly endeavor to influence, obstruct, and impede the due administration of justice, namely, a grand jury investigation being conducted in the United States District Court for the District of New Jersey.

In violation of Title 18, United States Code, Sections 1503 and 2.

## ATTACHMENT B

I, Nicholas Brancato, am a Special Agent with the United States Department of the Treasury, Internal Revenue Service, Criminal Investigation. I am fully familiar with the facts set forth herein based on my own investigation, my conversations with other law enforcement officers, and my review of reports, documents, and other items of evidence. Because this Complaint is being submitted for a limited purpose, I have not set forth each and every fact that I know concerning this investigation. Where statements of others are related herein, they are related in substance and part. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

### The Defendant, Relevant Entities, and Overview of the Scheme

1. At all times relevant to this Complaint:

   a. Defendant Gerardo Fermin Aquino Vargas ("Aquino") resided in Florida and, from in or around 2012 to in or around November 2023, worked at a branch of an international financial institution ("Financial Institution-A") in Hollywood, Florida (the "Hollywood Branch"), most recently as a Retail Banker.

   b. As part of his duties as a Retail Banker, Aquino was the customer liaison for the Hollywood Branch and, as a subject matter expert regarding Financial Institution-A's products, services, policies, and procedures, assisted new and existing customers with their banking needs.

   c. Financial Institution-A, one of the largest retail banks in the United States, maintained policies and procedures related to anti-money laundering ("AML"), anti-bribery, and anti-corruption. Pursuant to these policies and procedures, Financial Institution-A prohibited any employee from requesting or receiving anything of value in exchange for influence over that employee's act or decision. Financial Institution-A also prohibited employees from falsifying accounts, documents, and records. Financial Institution-A provided these policies and procedures to all employees and required employees, including Aquino, to complete annual AML and anti-bribery trainings.

   d. Financial Institution-A also had policies and procedures regarding onboarding new individual customer accounts. As part of these policies and procedures, a Financial Institution-A representative was required to verify the identity of any individual opening an account.

2. As explained further below, Aquino repeatedly and corruptly accepted bribes from individuals in return for creating accounts at Financial Institution-A in the names of individuals who were not present at account opening and who Aquino knew were not in fact controlling the accounts. In exchange for the bribes, Aquino also provided debit cards associated with each account, online access to the accounts,

and other account services. These accounts were used to transfer millions of dollars from the United States to Colombia, primarily through withdrawals at Automated Teller Machines ("ATMs") in Colombia. However, when law enforcement interviewed Aquino in or around November 2023, he made multiple false statements, including that he had only opened one or two accounts in this manner and that he had never received payment for such actions.

### Victim-1 Accounts

3.      In or around April 2022, Aquino began working with a Colombian national ("Co-Conspirator-1") and others to open fraudulent bank accounts at Financial Institution-A. In return for a fee, Aquino used the names and identification of witting and unwitting foreign nationals to open accounts, which Co-Conspirator-1 and others controlled and used to transfer money from the United States to Colombia. Dozens of accounts Aquino opened in this manner shared a common address in Miami, Florida (the "Common Miami Address").

4.      For example, on or about July 10, 2023, at 9:06:39 AM, Aquino opened two bank accounts at the Hollywood Branch in the name of Victim-1, a 77-year-old Colombian woman. On the account opening forms, Victim-1's address was identified as the Common Miami Address.

5.      The following surveillance screenshot from Financial Institution-A depicts Aquino (at left) on or about July 10, 2023, at 9:06:39 AM, the same day and time that Aquino opened Victim-1's accounts at Financial Institution-A:



6.      That same day, Aquino issued a debit card for each account opened in Victim-1's name. On or about July 27, 2023, Financial Institution-A froze both of Victim-1's debit cards due to potentially fraudulent ATM withdrawals in Colombia.

7.     On or about August 3, 2023, Co-Conspirator-1 sent Aquino a text message in Spanish[1] requesting help getting multiple Financial Institution-A debit cards unblocked, including the two debit cards associated with Victim-1, which Co-Conspirator-1 identified as a priority. On or about August 3, 2023, in a recorded call, Aquino contacted Financial Institution-A's debit card hotline from the Hollywood Branch and identified several flagged ATM transactions as "valid," resulting in two of Victim 1's debit cards being unblocked and available for continued usage. On or about that same day, Aquino texted Co-Conspirator-1 in Spanish that he had unblocked Victim-1's debit cards.

8.     Subsequently, Co-Conspirator-1 and others used the debit cards linked to Victim-1's accounts to purchase airfare from Colombia to the United States in or around September 2023. Co-Conspirator-1 and others provided the Common Miami Address as their personal residence address when purchasing their flights.

9.     On or about September 25, 2023, Aquino, with Co-Conspirator-1 present, opened multiple additional accounts on behalf of Co-Conspirator-1 in the names of nominee owners, which accounts were then used to move funds from the United States to Colombia.

## Payments from Co-Conspirator-1 to Aquino

10.     In or around 2023, Co-Conspirator-1 transferred at least $5,600 to Aquino through a series of Zelle payments. Aquino received these payments in his personal account held at Financial Institution-A.

11.     According to WhatsApp[2] conversations between Aquino and Co-Conspirator-1, these payments were in exchange for Aquino opening bank accounts at Financial Institution-A and providing ongoing services like unblocking debit cards. The messages also show that Aquino typically charged Co-Conspirator-1 approximately $200 per account and that Aquino opened approximately 28 accounts for Co-Conspirator 1 in or around May and June of 2023.

12.     For example, on or about June 27, 2023, Aquino, who goes by the name "Gerry," sent the below message to Co-Conspirator-1. In the message, Aquino admitted he gave Co-Conspirator-1 at least 28 debit cards and claimed he charged Co-Conspirator-1 a lower rate per card than what he charged others for a similar service (translated to: "Man, to me this isn't business. Honestly I was thinking $200 per client with you guys. Obviously I gave you 28 cards. That $200 I'm giving you

---

[1] This and other Spanish language messages described herein have been informally translated and summarized by a Spanish-speaking agent for the purposes of this Complaint.

[2] WhatsApp is an encrypted messaging application.

guys, I'm not doing anymore. With other people it's $500-$800 per account man. You guys know that you are my thing."):



13.     A few minutes later, Aquino sent the below message to Co-Conspirator-1 in Spanish confirming he charged $200 per debit card he provided (translated to: "I have Venezuelans, Israelis, Bolivians, all the way to Peruvians, I work with them for much more than $100 man. And less risk for me. Yes man, we both have to benefit. So we will stay at $200 then man."):



14.     On or about July 26, 2023, Co-Conspirator-1 transferred $2,800 to Aquino through Zelle. The same day, Co-Conspirator-1 sent Aquino a screenshot of the payment confirmation via WhatsApp. Aquino responded, "Gracias," and sent Co-Conspirator-1 a GIF of martial artist and actor Jean-Claude Van Damme giving a thumbs-up:



### First Aquino Interview

15.     On or about November 8, 2023, I, along with Special Agent Peter Chartier of the Federal Deposit Insurance Corporation, Office of Inspector General, interviewed Aquino at his home in Hollywood, Florida. During the interview, we informed Aquino that he needed to be truthful, and that lying to federal law enforcement agents could have negative consequences.

16.     During the interview, Aquino said in relevant part:

    a.  As a Retail Banker, Aquino applied for loans, opened accounts, and applied for credit cards on behalf of customers.

    b.  Customers had to appear in person to open accounts at Financial Institution-A.

    c.  In 2022 or early 2023, a man approached Aquino at Financial Institution-A to open an account and presented a foreign passport that Aquino believed to be the individual's legitimate passport. The same man also asked whether Aquino would open an account for a relative who was currently in Colombia, which Aquino did.

    d.  Aquino was not compensated for opening these accounts; rather, he opened these accounts because he is "nice and can't say no."

    e.  Aquino typically communicated with this individual through WhatsApp.

### Second Aquino Interview & Obstruction

17.     At all times relevant to this Complaint, a federal grand jury, empaneled in the District of New Jersey, was investigating Aquino's conduct at Financial Institution-A.

18.     On or about November 29, 2023, Special Agent Chartier and I spoke with Aquino again, this time by telephone. Special Agent Chartier and I were located in the District of New Jersey at the time of the call.

19.     At the outset of the conversation, Special Agent Chartier informed Aquino that the conversation was being recorded; that lying to federal law enforcement agents is potentially a crime; and that the conversation related to an ongoing grand jury investigation in the District of New Jersey and that the information would be relayed to the grand jury.

20.     During the ensuing conversation, Aquino made the following materially false statements:

    a.  There was "one case or a couple of cases" where Aquino opened accounts in the names of individuals who were not present at the time of account opening.

    b.  While he may have opened accounts for individuals that were not present at the time of account opening, Aquino was never paid, including by Zelle or with cash, for doing so.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 24-2511-STRAUSS**

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**v.**

**GERARDO FERMIN AQUINO VARGAS,**

        **Defendant.**

_____/

**DEFENDANT'S INVOCATION OF**
**RIGHT TO SILENCE AND COUNSEL**

The defendant named above does hereby invoke his right to remain silent and to counsel with respect to any and all questioning or interrogation, regardless of the subject matter, including, but not limited to, matters that may bear on or relate to arrest, searches and seizures, bail, pretrial release or detention, evidence at trial, guilt or innocence, forfeitures, or that may be relevant to sentencing, enhanced punishments, factors applicable under the U. S. Sentencing Guidelines, restitution, immigration status or consequences resulting from arrest or conviction, appeals or other post-trial proceedings.

The defendant requests that the U. S. Attorney ensure that this invocation of rights is honored, by forwarding a copy of it to all law enforcement agents, government officials, or employees associated with the investigation of any matters

1

relating to the defendant.   Any contact with the defendant must be made through the defendant's lawyer, undersigned counsel.

Respectfully submitted,

HECTOR A. DOPICO
INTERIM FEDERAL PUBLIC DEFENDER

BY:    *s/ Daniel Ecarius*
Daniel Ecarius
Assistant Federal Public Defender
Florida Bar No. 0719765
150 West Flagler Street, Suite 1700
Miami, Florida 33130-1555
Tel:   305-530-7000
E-Mail Address: daniel_ecarius@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on March 15, 2024, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*s/Daniel Ecarius*
Daniel Ecarius

2

# MINUTE ORDER

Page 9

## Magistrate Judge Jared M. Strauss

**Atkins Building Courthouse-9th Floor**                    Date: 3/14/2024    Time: 1:30 p.m.

Defendant:  Gerardo Fermin Aquino Vargas J#: 04460-511     Case #: 24-MJ-2511-STRAUSS

AUSA: Lauren Astigarraga                    Attorney: AFPD, Daniel Ecarius

Violation:  D NJ/WARR/COMP/OBSTRUCTION OF JUSTICE
                    Surr/Arrest Date: 3/14/24      YOB: 1986

Proceeding:  Initial Appearance                    CJA Appt: _____

Bond/PTD Held: ○ Yes   ○ No        Recommended Bond: _____

Bond Set at: STIP-$100K PSB & $25K 10% w/ Nebbia        Co-signed by: _____

☐ Surrender and/or do not obtain passports/travel docs

Language:  English

☐ Report to PTS as directed/or _____ x's a week/month by phone: _____ x's a week/month in person

☐ Random urine testing by Pretrial Services _____
   Treatment as deemed necessary

☐ Refrain from excessive use of alcohol

☐ Participate in mental health assessment & treatment

☐ Maintain or seek full-time employment/education

☐ No contact with victims/witnesses, except through counsel

☐ No firearms

☐ Not to encumber property

☐ May not visit transportation establishments

☐ Home Confinement/Electronic Monitoring and/or Curfew _____ pm to _____ am, paid by _____

☐ Allowances: Medical needs, court appearances, attorney visits, religious, employment

☐ Travel extended to: _____

☑ Other: See Attachment re: Special Conditions.

Disposition:
Brady Order given. Defendant sworn and AFPD appointed. Both sides stipulate to 2 bonds: $100,000 PSB and $25,000 10% with Nebbia.  Defendant Waives removal in open court. The Court Orders the Defendant removed to the District of New Jersey for all further proceedings. DEFENDANT RELEASED. Defendant has 24hrs. to satisfy Nebbia and file with the court.

Time from today to _____ excluded from Speedy Trial Clock

**NEXT COURT APPEARANCE**   Date:        Time:        Judge:            Place:

Report RE Counsel: _____

PTD/Bond Hearing: _____

Prelim/Arraign or Removal: _____

Status Conference RE: _____

D.A.R. 13:48:00; 14:53:55 _____   Time in Court: 16 mins.

s/Jared M. Strauss                    Magistrate Judge

DEFENDANT:  Gerardo Fermin Aquino Vargas
CASE NUMBER:  24-MJ-2511-Strauss
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

✓ a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case;  within 48hrs.

✓ b. Report to Pretrial Services as follows: (✓) as directed or___ time(s) a week in person and___ time(s) a week by telephone;

__ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

__ d. Refrain from ____excessive OR ___abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner;

__ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

✓ f. Employment restriction(s): No financial institutions _____

✓ g. Maintain or actively seek full-time employment;

__ h. Maintain or begin an educational program;

✓ i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

✓ j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

✓ k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

✓ l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court;

__ m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc.;

__ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

**DEFENDANT:** Gerardo Fermin Aquino Vargas
**CASE NUMBER:** 24-MJ-2511-Strauss
**PAGE THREE**

✓ o. **LOCATION MONITORING PROGRAM:** The defendant shall be monitored by the form of location monitoring and shall abide by all technology requirements as noted below, as well as contribute to the costs of services rendered based on (   ) ability to pay as determined by the U.S. Probation Officer – or – ✓ ) paid by U.S. Probation;

__ Location monitoring technology at the discretion of the officer

__ Radio Frequency (RF) monitoring (Electronic Monitoring)

✓ Active GPS Monitoring

__ Voice Recognition

✓ Curfew: You are restricted to your residence every day from 11am to 6pm , or as directed by the supervising officer.

OR

__ Home Detention: You are restricted to your residence at all times except for:

　( ) medical

　( ) substance abuse or mental health treatment

　( ) court appearances

　( ) attorney visits or court ordered obligations

　( ) religious services

　( ) employment

　( ) other activities as pre-approved by the supervising officer

— p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by ( )Pretrial Services or  (   ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:

　(   ) employment

　(   ) education

　(   ) religious services

　(   ) medical, substance abuse, or mental health treatment

　(   ) attorney visits

　(   ) court appearances

　(   ) court ordered obligations

　(   ) reporting to Pretrial Services

　(   ) other _____

— q. Third-Party Custody: _____will serve as a third party custodian and will report any violations of the release conditions to the U.S. Probation Officer.  Failure to comply with these requirements, the third party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

— r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18 U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer.  The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition.  Any search must be conducted at a reasonable time and in a reasonable manner.

DEFENDANT:  Gerardo Fermin Aquino Vargas
CASE NUMBER: 24-MJ-2511-Strauss
PAGE FOUR

__ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

__ t. <u>Additional Sex Offense Conditions For Defendants Charged or Convicted of a Sexual Offense</u>:

   1.  (     ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.

   2.  (     ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.

   3.  (     ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.

   4.  (     ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.

   5.  (     ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.

   6.  (     ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.

   7.  (     ) The defendant shall not be involved in any children's or youth organizations.

   8.  (     ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.

   9.  (     ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

✓ u. May travel to and from: <u>SDFL (court) & D-NJ (reside)</u>, and must notify Pretrial Services of travel plans before leaving and upon return.

✓ v. Comply with the following additional conditions of bond:
Defendant to reside at the address on the record. Twenty-fours to satisfy nebbia and file with the court (3/25/2024).

(Revised 03/2020)

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

APPEARANCE BOND: _____

CASE NO.: 24. mJ. 2511-Strauss

UNITED STATES OF AMERICA:

     Plaintiff,

v.             USM #: 04460-511

Gerardo Fermin Aquino Vargot

     Defendant,

_____/

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ 100,000 PSB

## STANDARD CONDITIONS OF BOND

**The conditions of this bond are that the defendant:**

 1.  Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case.  In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal.  The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

 2.  May not travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel.  The Southern District of Florida consists of the following counties:  Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie.

 3.  May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

 4.  Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

 5.  Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

DEFENDANT:   Gerardo Fermin Aquino Vargas
CASE NUMBER:  24-MJ-2511-Strauss
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

✓a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case;  **within 48hrs.**

✓b. Report to Pretrial Services as follows: (✓) as directed or ___ time(s) a week in person and ___ time(s) a week by telephone;

___ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

___ d. Refrain from ____ excessive OR ___ abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner;

___ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

✓f. Employment restriction(s):  **No financial institutions**

✓g. Maintain or actively seek full-time employment;

___ h. Maintain or begin an educational program;

✓i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

✓j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

✓k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

___ l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court;

___ m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc.;

___ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

DEFENDANT:   Gerardo Fermin Aquino Vargas
CASE NUMBER: 24-MJ-2511-Strauss
PAGE THREE

✓ o. **LOCATION MONITORING PROGRAM:** The defendant shall be monitored by the form of location monitoring and shall abide by all technology requirements as noted below, as well as contribute to the costs of services rendered based on (   ) ability to pay as determined by the U.S. Probation Officer – or – (✓) paid by U.S. Probation;

___ Location monitoring technology at the discretion of the officer

___ Radio Frequency (RF) monitoring (Electronic Monitoring)

✓ Active GPS Monitoring

___ Voice Recognition

✓ Curfew: You are restricted to your residence every day from 11am to 6pm , or as directed by the supervising officer.

**OR**

___ Home Detention: You are restricted to your residence at all times except for:
   (   ) medical
   (   ) substance abuse or mental health treatment
   (   ) court appearances
   (   ) attorney visits or court ordered obligations
   (   ) religious services
   (   ) employment
   (   ) other activities as pre-approved by the supervising officer

___ p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by (   )Pretrial Services or   (   ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:
   (   ) employment
   (   ) education
   (   ) religious services
   (   ) medical, substance abuse, or mental health treatment
   (   ) attorney visits
   (   ) court appearances
   (   ) court ordered obligations
   (   ) reporting to Pretrial Services
   (   ) other _____

___ q. Third-Party Custody: _____ will serve as a third party custodian and will report any violations of the release conditions to the U.S. Probation Officer. Failure to comply with these requirements, the third party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

___ r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18 U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner.

**DEFENDANT:** Gerardo Fermin Aquino Vargas
**CASE NUMBER:** 24-MJ-2511-Strauss
**PAGE FOUR**

__ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

__ t. Additional Sex Offense Conditions For Defendants Charged or Convicted of a Sexual Offense:

    1. (   ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.

    2. (   ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.

    3. (   ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.

    4. (   ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.

    5. (   ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.

    6. (   ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.

    7. (   ) The defendant shall not be involved in any children's or youth organizations.

    8. (   ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.

    9. (   ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

✓ u. May travel to and from: <u>SDFL (court) & D-NJ (reside)</u>, and must notify Pretrial Services of travel plans before leaving and upon return.

✓ v. Comply with the following additional conditions of bond:
    Defendant to reside at the address on the record. Twenty-fours to satisfy nebbia and file with the court (3/25/2024).

DEFENDANT: Gerard, Strauss
CASE NUMBER: 24-mj-2511 Strauss
PAGE FIVE

## PENALTIES AND SANCTIONS APPLICABLE TO DEFENDANT

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, and order of detention, as provided in 18 U.S.C. §3148, forfeiture of any bail posted, and a prosecution for contempt as provided in 18 U.S.C. §401, which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not more than ten years, if the offense is a felony; or a term of imprisonment of not more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

Title 18 U.S.C. §1503 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror or officer of the court; 18 U.S.C. §1510 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a felony criminal offense punishable by imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined not more than $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted, which means that the defendant will be obligated to pay the full amount of the bond, which may be enforced by all applicable laws of the United States.

DEFENDANT: *Gerardo Vargas*
CASE NUMBER: *2 4 - mJ - 2511 . Strauss*
PAGE SIX

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

## DEFENDANT

Signed this _14_ day of _Mar_, 20 _24_ at _Miami_, Florida

Signed and acknowledged before me:

WITNESS: _David Esarin_

_Miami_ _FL_
  City            State

DEFENDANT: (Signature) _____

_Miami_ _FL_
  City            State

## CORPORATE SURETY

Signed this _____ day of _____, 20 _____ at _____, Florida

SURETY: _____

_____  _____
  City       State

AGENT: (Signature) _____

PRINT NAME: _____

## INDIVIDUAL SURETIES

Signed this ___ day of _____, 20 ___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

_____  _____
  City       State

Signed this ___ day of _____, 20 ___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

_____  _____
  City       State

Signed this ___ day of _____, 20 ___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

_____  _____
  City       State

Signed this ___ day of _____, 20 ___ at _____, Florida

SURETY: (Signature) _____

PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____

_____  _____
  City       State

## APPROVAL BY THE COURT

Date: _3/15/2024_

**JARED M. STRAUSS**
**UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No: 24-MJ-2511-STRAUSS

United States of America
    Plaintiff,
    v.

Charging District's Case No.   24-10051

Gerardo Fermin Aquino Vargas,
    Defendant.
_____/

## WAIVER OF RULE 5 & 5.1 REMOVAL/IDENTITY HEARINGS

I understand that I have been charged in another district, the **District of New Jersey.**

I have been informed of the charges and of my rights to:

(1)    retain counsel or request the assignment of counsel if I am unable to retain counsel;
(2)    an identity hearing to determine whether I am the person named in the charges;
(3)    production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;
(4)    a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;
(5)    a hearing on any motion by the government for detention;
(6)    request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my rights to: **(check those that apply)**

☑ An identity hearing and production of the warrant.

☑ A preliminary hearing.

☑ A detention hearing in the Southern District of Florida.

☑ An identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled to in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 3/14/2024

_____
Defendant's Signature

_____
Jared M. Strauss
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-MJ-2511-Strauss

UNITED STATES OF AMERICA,

Plaintiff,

v.

Gerardo Fermin Aquino Vargas

Defendant.
_____/

## NEBBIA STIPULATION AND ORDER

On _March 14, 2024_, the Honorable Jared Strauss, United States Magistrate Judge,

set conditions of release for Defendant _Gerardo Fermin Aquino Vargas_, which included

a _$25,000 10 percent bond_, and imposed a *Nebbia* requirement.  The parties
(corporate surety bond) (percentage bond)

have agreed that the _$2,500.00_ being used to satisfy the bond are

(funds and/or collateral)

from the following source(s) and are not illegally derived:

1. The collateral is _Ginnie Rodriguez, 15640 SW 127the Avenue, Miami, FL 33177_
(provide address and owner of property, and relationship to defendant)

2. The _$2,500.00_ is being paid by
(premium for the bond/money being deposited into the registry of the Court)

_Ginie Rodriguez_, who is _fiancee (future wife)_. The money was obtained from
(state relationship to defendant)

_Ms. Rodriguez bank account ($2,000) and Mr. Aquino Vargas bank account ($500.00)_

(source of funds–e.g. savings from employment withdrawn from the X Bank, home equity line of credit, etc.).

_Daniel Ecarius_                              _DZ_ (D. Zachary Adams – MLARS)
Counsel for Defendant                         Counsel for Government
Dated: _3/15/2024_                            Dated: _3-15-24_

## ORDER

Based upon the stipulation of the parties and the information contained therein, the Court finds that

the *Nebbia* condition has been satisfied, and that the bond to secure the release of Defendant _Gerardo Fermin Aquino_

_Vargas_ may be posted.  DONE AND ORDERED on _3|15|24_, in Miami, Florida.

JARED STRAUSS
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
Case No. 24-MJ-2511-STRAUSS

United States of America
　　　　Plaintiff,

　　　　v.

Gerardo Fermin  Aquino Vargas,
　　　　Defendant.

_____/

**<u>ORDER OF REMOVAL</u>**

　　　It appearing that in the **District of New Jersey,** an Indictment was filed against the above-named defendant on a charge of **D NJ/WARR/COMP/OBSTRUCTION  OF JUSTICE,** and that the defendant was arrested in the Southern District of Florida and was given a hearing before United States Magistrate Judge Jared M. Strauss  at Miami, Florida, which officially committed the defendant for removal to the **District of New Jersey,** it is ORDERED AND ADJUDGED that the defendant be removed to the above-named district for trial on said charge.

　　　And it further appearing that the defendant waived further hearing in the said removal proceedings and was held by the Magistrate Judge Jared M. Strauss for removal and posted bail in the amount of $<u>100K PSB & $25K 10%　　</u>　　which was approved by the United States Magistrate Judge Jared M. Strauss, and it is further ORDERED that the defendant shall appear in the aforesaid district at such times and places as may be ordered by that District Court, in accordance with the terms and conditions of aforesaid bond furnished by the defendant, and it is further ORDERED that the funds, plus interest, which may have been deposited on behalf of this defendant with the Clerk of the Court under Bail Reform Act be transferred to the district where removed.

　　　DONE AND ORDERED at Miami, Florida on 3/14/2024.

Jared M. Strauss
United States  Magistrate Judge

(Revised 03/2020)

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### APPEARANCE BOND: _____

### CASE NO.: _24 - MJ ·2 511 - Strauss_

UNITED STATES OF AMERICA:

                Plaintiff,

v.                                                USM #: ___O 4463 - 511___

_Gerardo Fernn Aquiio Varger_

                Defendant,

_____/

I, the undersigned defendant and I or we, the undersigned sureties, jointly and severally acknowledge that we and our personal representatives, jointly and severally, are bound to pay the United States of America, the sum of $ ___25,000 IN % (₹ 2,500)___

## STANDARD CONDITIONS OF BOND

**The conditions of this bond are that the defendant:**

    1.  Shall appear before this Court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of the defendant's release as may be ordered or notified by this Court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is required to ascertain from the Clerk of Court or defense counsel the time and place of all scheduled proceedings on the case.  In no event may a defendant assume that his or her case has been dismissed unless the Court has entered an order of dismissal.  The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment. This is a continuing bond, including any proceeding on appeal or review, which shall remain in full force and effect until such time as the Court shall order otherwise.

    2.  May not travel outside the Southern District of Florida unless otherwise approved by the Court prior to any such travel.  The Southern District of Florida consists of the following counties:  Broward, Highlands, Indian River, Martin, Miami-Dade, Monroe, Okeechobee, Palm Beach and St. Lucie.

    3.  May not change his/her present address without prior notification and approval from the U.S. Probation Officer or the Court.

    4.  Must cooperate with law enforcement officers in the collection of a DNA sample if the collection is required by 42 U.S.C. Section 14135a.

    5.  Must not violate any federal, state or local law while on release in this case. Should the defendant come in contact with law enforcement he/she shall notify the U.S. Probation Officer within 72 hours.

DEFENDANT: Gerardo Fermin Aquino Vargas
CASE NUMBER: 24-MJ-2511-Strauss
PAGE TWO

## SPECIAL CONDITIONS OF BOND

In addition to compliance with the previously stated conditions of bond, the defendant must comply with the special conditions checked below:

✓ a. Surrender all passports and travel documents, if any, to Pretrial Services and not obtain any travel documents during the pendency of the case; **within 48hrs.**

✓ b. Report to Pretrial Services as follows: (✓) as directed or____ time(s) a week in person and____ time(s) a week by telephone;

__ c. Submit to substance abuse testing and/or treatment, contribute to the cost of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

__ d. Refrain from ____excessive OR ___abstain from alcohol use or any use of a narcotic drug or other controlled substance, as defined in section 102 of the Controlled Substances Act (21 U.S.C. §802), without a prescription by a licensed medical practitioner;

__ e. Participate in a mental health assessment and/or treatment and contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Officer;

✓ f. Employment restriction(s): **No financial institutions** _____

✓ g. Maintain or actively seek full-time employment;

__ h. Maintain or begin an educational program;

✓ i. Avoid all contact with victims or witnesses to the crimes charged, except through counsel. The AUSA shall provide defense counsel and pretrial services with the names of all victims or witnesses. The prohibition against contact does not take effect until defense counsel receives the list. The prohibition against contact applies only to those persons on the list, but the prosecutor may expand the list by sending written notice to defense counsel and pretrial services.;

✓ j. Avoid all contact with co-defendants and defendants in related cases, except through counsel;

✓ k. Refrain from possessing a firearm, destructive device or other dangerous weapons and shall surrender (if any), their concealed weapons permit to the U.S. Probation Office;

✓ l. None of the signatories may sell, pledge, mortgage, hypothecate, encumber, etc., any real property they own, until the bond is discharged, or otherwise modified by the Court;

__ m. May not visit commercial transportation establishment: airports, seaport/marinas, commercial bus terminals, train stations, etc.;

__ n. Defendant shall consent to the U.S. Probation Officer conducting periodic unannounced examinations of the defendant's computer equipment at his/her place of employment or on the computer at his/her residence which may include retrieval and copying of all data from the computer(s) and any internal or external peripherals to ensure compliance with this condition and/or removal of such equipment for the purpose of conducting a more thorough inspection; and consent at the direction of the U.S. Probation Officer to have installed on the defendant's computer(s), at the defendant's expense, any hardware or software systems to monitor the defendant's computer use;

**DEFENDANT:**  Gerardo Fermin Aquino Vargas
**CASE NUMBER:** 24-MJ-2511-Strauss
**PAGE THREE**

✓o. **LOCATION MONITORING PROGRAM:** The defendant shall be monitored by the form of location monitoring and shall abide by all technology requirements as noted below, as well as contribute to the costs of services rendered based on (    ) ability to pay as determined by the U.S. Probation Officer – or – (✓) paid by U.S. Probation;

__ Location monitoring technology at the discretion of the officer

__ Radio Frequency (RF) monitoring (Electronic Monitoring)

✓ Active GPS Monitoring

__ Voice Recognition

✓ Curfew: You are restricted to your residence every day from 11am to 6pm , or as directed by the supervising officer.

OR

__ Home Detention: You are restricted to your residence at all times except for:

    (    ) medical
    (    ) substance abuse or mental health treatment
    (    ) court appearances
    (    ) attorney visits or court ordered obligations
    (    ) religious services
    (    ) employment
    (    ) other activities as pre-approved by the supervising officer

— p. **RESIDENTIAL RE-ENTRY CENTER:** The defendant shall reside at a residential re-entry center or halfway house and abide by all the rules and regulations of the program. The cost to be paid by (   )Pretrial Services or  (    ) based on the defendant's ability to pay. You are restricted to the residential re-entry center/halfway house at all times except for:

    (    ) employment
    (    ) education
    (    ) religious services
    (    ) medical, substance abuse, or mental health treatment
    (    ) attorney visits
    (    ) court appearances
    (    ) court ordered obligations
    (    ) reporting to Pretrial Services
    (    ) other _____

__ q. Third-Party Custody: _____ will serve as a third party custodian and will report any violations of the release conditions to the U.S. Probation Officer. Failure to comply with these requirements, the third party custodian can be subject to the provisions of 18 U.S.C. § 401, Contempt of Court.

r. The defendant shall submit his person, property, residence, vehicle, papers, computers, (as defined in 18 U.S.C. 1030(e)(1)), other electronic communication or data storage devices or media, or office, to a search conducted by a United States Probation Officer. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. Any search must be conducted at a reasonable time and in a reasonable manner.

DEFENDANT:   Gerardo Fermin Aquino Vargas
CASE NUMBER: 24-MJ-2511-Strauss
PAGE FOUR

__ s. **Mandatory Adam Walsh Conditions:** Defendant shall abide by specified restrictions on personal associations, place of abode, or travel, to avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense; report on a regular basis to a designated law enforcement agency, pretrial services agency or other agency; comply with a specified curfew (with electronic monitoring) and refrain from possessing a firearm, destructive device or other dangerous weapons.

__ t. Additional Sex Offense Conditions For Defendants Charged or Convicted of a Sexual Offense:

1. (   ) Defendant may not have contact with victim(s), or any child under the age of 18, unless approved by the Court or allowed by the U.S. Probation Officer.
2. (   ) The defendant shall not possess or use any data encryption technique or program and shall provide passwords and administrative rights to the U.S. Probation Officer.
3. (   ) Defendant shall participate in specialized sex offender evaluation and treatment, if necessary, and to contribute to the costs of services rendered based on ability to pay, as determined by the U.S. Probation Office.
4. (   ) Defendant shall not possess, procure, purchase or otherwise obtain any internet capable device and/or computer. Additionally, the defendant is prohibited from using another individual's computer or device that has internet capability.
5. (   ) Defendant is prohibited from establishing or maintaining any email account or social media account. Additionally, the defendant is prohibited from using another individual's email account or social media account. Must provide monthly or upon request, personal phone and credit card billings to Pretrial Services to confirm there are no services with any internet services provider.
6. (   ) Defendant is not permitted to enter places where children congregate including, but not limited to any play areas, playgrounds, libraries, children-themed restaurants, daycares, schools, amusement parks, carnivals/fairs, unless approved by the U.S. Probation Officer.
7. (   ) The defendant shall not be involved in any children's or youth organizations.
8. (   ) Defendant is prohibited from viewing, owning, or possessing any obscene, pornographic, or sexually stimulating visual or auditory material, including telephone, electronic media, computer programs, or computer services.
9. (   ) The defendant shall participate in a maintenance polygraph examination to periodically investigate the defendant's compliance. The polygraph examination shall specifically address only defendant's compliance or non-compliance with the special conditions of release and shall not inquire into the facts of the pending criminal case against defendant. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment.

✔ u. May travel to and from: SDFL (court) & D-NJ (reside), and must notify Pretrial Services of travel plans before leaving and upon return.

✔ v. Comply with the following additional conditions of bond:
Defendant to reside at the address on the record. Twenty-fours to satisfy nebbia and file with the court (3/25/2024).

DEFENDANT: *Gerardo Strauss*
CASE NUMBER: *24-mj 2511-Strauss*
PAGE SIX

## PENALTIES AND SANCTIONS APPLICABLE TO SURETIES

Violation by the defendant of any of the foregoing conditions of release will result in an immediate obligation by the surety or sureties to pay the full amount of the bond. Forfeiture of the bond for any breach of one or more conditions may be declared by a judicial officer of any United States District Court having cognizance of the above entitled matter at the time of such breach, and if the bond is forfeited and the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each surety jointly and severally for the amount of the bond, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and other laws of the United States.

## SIGNATURES

I have carefully read and I understand this entire appearance bond consisting of seven pages, or it has been read to me, and, if necessary, translated into my native language, and I know that I am obligated by law to comply with all of the terms of this bond. I promise to obey all conditions of this bond, to appear in court as required, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions outlined in this bond for violations of the terms of the bond.

If I am an agent acting for or on behalf of a corporate surety, I further represent that I am a duly authorized agent for the corporate surety and have full power to execute this bond in the amount stated.

### DEFENDANT

Signed this **14** day of **Mar**, 20 **24** at **Miami**, Florida

Signed and acknowledged before me:

DEFENDANT: (Signature) X

WITNESS: _____

_____ _____        Miami                      FL
   City              State                    City                      State

### CORPORATE SURETY

Signed this _____ day of _____, 20 ___ at _____, Florida

SURETY: _____        AGENT: (Signature) _____

_____ _____        PRINT NAME: _____
   City              State

### INDIVIDUAL SURETIES

Signed this ___ day of _____, 20 __ at _____, Florida   Signed this ___ day of _____, 20 __ at _____, Florida

SURETY: (Signature) _____        SURETY: (Signature) _____

PRINT NAME: _____        PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____        RELATIONSHIP TO DEFENDANT: _____

_____ _____        _____ _____
   City              State                    City              State

Signed this ___ day of _____, 20 __ at _____, Florida   Signed this ___ day of _____, 20 __ at _____, Florida

SURETY: (Signature) _____        SURETY: (Signature) _____

PRINT NAME: _____        PRINT NAME: _____

RELATIONSHIP TO DEFENDANT: _____        RELATIONSHIP TO DEFENDANT: _____

_____ _____        _____ _____
   City              State                    City              State

## APPROVAL BY THE COURT

Date: **3/15/2024**            _____

JARED M. STRAUSS
UNITED STATES MAGISTRATE JUDGE

PRINTED ON LINEMARK PAPER - HOLD TO LIGHT TO VIEW  FOR ADDITIONAL SECURITY FEATURES SEE BACK

| 0066559 | 11-24 |
|---------|-------|
| Office AU # | 1210(8) |

**CASHIER'S CHECK**

6655906513

Remitter:   **GERARDO AQUINO**
Operator I.D.:   fI006930

March 15, 2024

PAY TO THE ORDER OF   ***UNITED STATES DISTRICT COURT***

**Two Thousand Five Hundred and 00/100 -US Dollars **

**$2,500.00**

VOID IF OVER US $ 2,500.00

Payee Address:
Memo:

WELLS FARGO BANK, N.A.
4600 SHERIDAN ST
HOLLYWOOD, FL 33021
FOR INQUIRIES CALL (480) 394-3122

CONTROLLER

⑆6655906513⑈ ⑆121000248⑆ 4861 513240⑈

Generated: Mar 15, 2024 12:59PM                                                                 Page 1/1



# U.S. District Court

## Florida Southern - Miami

Receipt Date: Mar 15, 2024 12:59PM

GERARDO AQUINO

Rcpt. No: 283919                     Trans. Date: Mar 15, 2024 12:59PM              Cashier ID: #VT

| CD | Purpose | Case/Party/Defendant | Qty | Price | Amt |
|----|---------|---------------------|-----|-------|-----|
| 701 | Treasury Registry | DFLS124MJ002511 /001<br>**FBO:** Gerardo Fermin Aquino Vargas | 1 | 2500.00 | 2500.00 |

| CD | Tender | | | Amt |
|----|--------|---|---|-----|
| CH | Check | #6655906513 | 03/15/2024 | $2,500.00 |
| | | | Total Due Prior to Payment: | $2,500.00 |
| | | | Total Tendered: | $2,500.00 |
| | | | Total Cash Received: | $0.00 |
| | | | Cash Change Amount: | $0.00 |

**Comments:** 1:24-mi-02511-JMS-1/Gerardo Fermin Aquino Vargas REMITTER: GERARDO AQUINO
BOND

Checks and drafts are accepted subject to collection and full credit will only be given when the check or draft has been accepted by the
financial institution on which it was drawn.